IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| TEJU LEINAALA BLEVINS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>REGIS CORPORATION, *et al.*,<br><br>　　　　Defendants. | Case No. 20-cv-00552-DKW-RT<br><br>**ORDER (1) GRANTING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS, AND (2) DIRECTING SERVICE OF THE COMPLAINT**[1] |

　　　　On December 14, 2020, Plaintiff Teju Leinaala Blevins, proceeding pro se, filed a Complaint against Regis Corporation, Supercuts Corporate Shops, Inc., Mastercuts Corporate Shops, Inc., and The Beautiful Group, LLC (collectively, "Defendants"), alleging, among other things, that Defendants subjected her to employment discrimination on account of her pregnancy.  Dkt. No. 1.  Blevins has also filed an application to proceed *in forma pauperis* ("IFP Application").  Dkt. No. 2.

---

[1] The Court finds these matters suitable for disposition without a hearing pursuant to Local Rule 7.1(c).

I. **IFP Application**[2]

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates an inability to pay. *See* 28 U.S.C. § 1915(a)(1). While Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948), the applicant must nonetheless show that she is "unable to pay such fees or give security therefor," 28 U.S.C. § 1915(a).

Here, Blevins has made the required showing under Section 1915(a). In the IFP Application, Blevins states that she receives, on a bi-weekly basis, roughly $105 in gross pay and $14 in take-home pay. She states that she has not received any other income in the last 12 months and has roughly $495 in a checking or savings account. Blevins further states that she has monthly expenses for rent of $1,685, a car lease of $469.16, electric bills of $150, and "loans" of $37,000.[3]

---

[2]The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B). At this initial stage of the proceedings, and without any responsive pleading from Defendants, the Court has screened the Complaint and finds service of the same to be appropriate.

[3]Based upon a subsequent answer in the IFP Application, it appears that $37,000 in loans constitutes the *total* amount of Blevins' debts, rather than any *monthly* payment she may have on that debt. Nonetheless, this discrepancy does not change the Court's analysis as to Blevins' inability to pay the filing fee.

Blevins further states that three individuals are dependent upon her. In light of these figures, Blevins' current income falls below the poverty threshold identified by the Department of Health and Human Services' ("HHS") 2020 Poverty Guidelines. *See* HHS Poverty Guidelines, available at: https://aspe.hhs.gov/poverty-guidelines. In addition, in light of her expenses and debt, Blevins has insufficient assets to provide security. As a result, the Court GRANTS the IFP Application, Dkt. No. 2.

## II.     Service

Because Blevins has been granted leave to proceed *in forma pauperis*, and because her claims have not been dismissed, the Court finds that service of the summons and Complaint is appropriate. To facilitate service, the Court ORDERS as follows:

1. For each of the four (4) Defendants, the Clerk's Office is directed to send to Plaintiff: one copy of the Complaint, Dkt. No. 1; one summons; one USM-285 form; one Notice of Lawsuit and Request for Waiver of Service of Summons form (AO 398); two (2) Waiver of Service of Summons forms (AO 399); an instruction sheet; and a copy of this Order. The Clerk shall also send a copy of this Order to the U.S. Marshal.

2. For each of the four (4) Defendants, Plaintiff shall complete the forms as directed and submit the following documents to the U.S. Marshal in Honolulu, Hawaii: a completed USM-285 form; a copy of the Complaint; the summons; a completed Notice of Lawsuit and Request for Waiver of Service of Summons form (AO 398); and two (2) completed Waiver of Service of Summons forms (AO 399).

3. Upon receipt of these documents from Plaintiff, the U.S. Marshal shall mail to each Defendant: a copy of the Complaint; a completed Notice of Lawsuit and Request for Waiver of Service form (AO 398); and two (2) completed Waiver of Service of Summons forms (AO 399), as directed by Plaintiff without payment of costs. *See* Fed.R.Civ.P. 4(c)(3).

4. The U.S. Marshal shall retain the summons and a copy of the Complaint. For each Defendant, the U.S. Marshal shall file a returned Waiver of Service of Summons form as well as any Waiver of Service of Summons form that is returned as undeliverable, as soon as it is received.

5. If a Defendant does not return a Waiver of Service of Summons form within sixty days from the date that such forms are mailed, the U.S.

    Marshal shall:

    a.    Personally serve such Defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

    b.    Within ten days after personal service is effected, file the return of service for such Defendant, along with evidence of any attempts to secure a waiver of service of summons and of the costs subsequently incurred in effecting service.  Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the U.S. Marshal's office in photocopying additional copies of the summons and the Complaint and for preparing new USM-285 forms, if required.  Costs of service will be taxed against the personally served Defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2).

6.    If Blevins does not wish to use the U.S. Marshal for service, she may serve each of the Defendants on her own, in compliance with Fed.R.Civ.P. 4.

7.    Blevins is cautioned that if she fails to comply with this Order and her non-compliance prevents timely and proper service as set forth in

       Federal Rule of Civil Procedure 4(m), this action is subject to dismissal for failure to serve.

8. After service of the summons and Complaint, whether accomplished on her own or with the services of the U.S. Marshal, Blevins must serve on Defendants or their attorneys a copy of all further documents she submits to the Court.  The U.S. Marshal is not responsible for serving these documents on Plaintiff's behalf.  Blevins shall include, with any original paper filed with the Clerk of Court, a certificate stating the date that a copy of the document was served on Defendants or their counsel, and the manner in which service was accomplished. Any paper received by a District or Magistrate Judge that has not been filed with the Clerk of Court or that does not include a certificate of service will be disregarded.

//

//

//

9. Blevins is further notified that she must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii.

IT IS SO ORDERED.

Dated: December 18, 2020 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

Teju Blevins v. Regis Corp, et al., Civil No. 20-00552 DKW-RT; **ORDER (1) GRANTING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS, AND (2) DIRECTING SERVICE OF THE COMPLAINT**